

U.S. Department of Justice

*United States Attorney*

*Eastern District of Virginia*

---

*Richard D. Cooke*
*Main Street Centre, Suite 1800*          *804/819-5471*
*600 E. Main Street*                      *Fax 804/771-2316*
*Richmond, Virginia   23219-2447*
*Richard.Cooke@usdoj.gov*

September 4, 2008

Patricia S. Connor, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

   Re: *United States v. Richard Thomas Stitt*, Nos. 07-11(L), 07-12
      Letter under FED. R. APP. P. 28(j)
      (oral argument scheduled for Sept. 24, 2008)

Dear Ms. Connor:

  In *United States v. Hager*, 530 F. Supp.2d 778 (E.D.Va. 2008), the defendant was sentenced to death under 21 U.S.C. § 848 after the repeal of that statute's capital-sentencing procedures, and where the murder was committed before the enactment of the Federal Death Penalty Act (FDPA) in 1994.  Judge Ellis held that the Savings Statute, 1 U.S.C. § 109, preserved substantive provisions in 21 U.S.C. § 848 necessary to carry out the death sentence and that the purely procedural aspects of the FDPA may fill in the rest of the necessary procedures. In short, *Hager* used the Savings Statute to preserve liability for a death sentence, exactly what the government seeks here.  *Cf. United States v. Klump*, 2008 WL 2952583, *6 (2d Cir. Aug. 4, 2008) (preserving higher mandatory minimum sentence under Savings Statute).

  Judge Ellis's opinion does differ in one respect from the government's position in this case.  *Hager* sorted each provision in § 848 as substantive or procedural and saved only substantive ones, while here the government argues for applying all § 848 provisions.  The government believes that preserving the full § 848 scheme is a better statutory interpretation of the Savings Statute and § 848, but this disagreement has no great practical effect.  There were no meaningful differences between the § 848 provisions deemed unsaved in *Hager* and those applied from the FDPA instead.  530 F. Supp.2d at 785.  If there were a difference affecting liability, *id.* at 782, the Savings Statute would preserve the § 848 provisions, leaving again no meaningful difference between the unpreserved § 848 provisions and the applied FDPA provisions.

In sum, nothing in *Hager* rejects the government's central point: The Savings Statute preserves provisions necessary to enforce a penalty or right.  *De La Rama S.S. Co. v. United States*, 344 U.S. 386, 390 (1953); *United States v. Korshin*, 91 F.3d 670, 674 (4th Cir. 1996).  The plain language of the Savings Statute confirms that it prevents repeals that "*have the effect* to release or extinguish any penalty, forfeiture, or liability. . . ."  1 U.S.C. § 109.  No provision is eliminated as "procedural" if it has the effect of extinguishing the death sentence.

Respectfully,

Chuck Rosenberg
United States Attorney

By: _____/s/_____
Richard D. Cooke
Assistant United States Attorney

cc:      Gerald T. Zerkin, Esq.
         Christopher J. Collins, Esq.