

U.S. Department of Justice

*United States Attorney*

*Eastern District of Virginia*

---

*Richard D. Cooke*
*Main Street Centre, Suite 1800*          *804/819-5471*
*600 E. Main Street*                       *Fax 804/771-2316*
*Richmond, Virginia   23219-2447*
*Richard.Cooke@usdoj.gov*

September 17, 2008

Patricia S. Connor, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

> Re:    *United States v. Richard Thomas Stitt*, Nos. 07-11(L), 07-12
>           Letter under FED. R. APP. P. 28(j)
>           (oral argument scheduled for Sept. 24, 2008)

Dear Ms. Connor:

The government notes a recent opinion addressing the substantive/procedural distinction under the Savings Statute, 1 U.S.C. § 109, an issue discussed on pages 24-41 of the government's opening/response brief.  In *United States v. Seale*, 2008 WL 4141115 (5th Cir. Sept. 9, 2008), the Fifth Circuit held that, after the Supreme Court found the death-penalty provision in the federal kidnapping statute was unconstitutional and Congress later repealed the death penalty for that statute, the Savings Statute did not save the lifetime statute of limitations that previously applied to a pre-repeal, death-eligible kidnapping offense.

*Seale* did not address, however, the situation presented here—repeal of provisions necessary for imposing, and designed to implement, the death sentence.  *Seale* deemed the statute of limitations unsaved in part because it "merely limit[ed] the time in which the government can initiate a criminal charge and d[id] not burden substantive rights."  *Id.* at *3.  But when a statute both imposes a penalty and creates a necessary enforcement mechanism, both are saved, for in such a case "'substantive' and 'procedural' are not disparate categories; they are fused components of the expression of a policy." *De La Rama S.S. Co. v. United States*, 344 U.S. 386, 390 (1953).

For example, if Congress simply repealed the death sentence for violations of 21 U.S.C. § 848, death eligibility plainly would remain for pre-repeal offenses under the Savings Statute, absent an express congressional grant of immunity for pre-repeal offenses.  It would be nonsensical if courts then turned around and held that the "procedural exception" to the Savings Statute junks all procedures necessary to carry out the "saved" penalty.  Under such a theory, the

Savings Statute would never save any penalty that has essential procedures included in the repealed statute, notwithstanding the statutory language preventing repeals that "have the effect" of extinguishing a penalty. As the Supreme Court has explained, "[T]o strike down enforcing provisions that have special relation to the accrued right and as such are part and parcel of it, is to mutilate that right and hence to defeat rather than further the legislative purpose." *De La Rama S.S. Co.*, 344 U.S. at 390.

Respectfully,

Chuck Rosenberg
United States Attorney

By:      _____/s/_____

Richard D. Cooke
Assistant United States Attorney

cc:     Gerald T. Zerkin, Esq.
       Christopher J. Collins, Esq.