

U.S. Department of Justice

*United States Attorney*

*Eastern District of Virginia*

---

*Richard D. Cooke*
*Main Street Centre, Suite 1800*          *804/819-5471*
*600 E. Main Street*                      *Fax 804/771-2316*
*Richmond, Virginia   23219-2447*
*Richard.Cooke@usdoj.gov*


September 29, 2008


Patricia S. Connor, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

   Re:  *United States v. Richard Thomas Stitt*, Nos. 07-11(L), 07-12
       Letter under FED. R. APP. P. 28(j)
       (Argued Sept. 24, 2008)


Dear Ms. Connor:

  After the oral argument in the above case, the United States identified a Supreme Court opinion that briefly addresses the meaning of good cause in 18 U.S.C. § 3593(b)(2)(C), an issued discussed at the argument.  In *United States v. Jones*, 527 U.S. 373, 381 (1999), the Supreme Court concluded, "The phase 'good cause' in § 3593(b)(2)(C) plainly encompasses events such as juror disqualification, but cannot be read so expansively as to include the jury's failure to reach a unanimous decision [on whether to impose the death sentence]."

  Although the United States does not believe that the short passage in *Jones* has much bearing on the issues in the present case, the government brings *Jones* to this Court's attention because it is a Supreme Court opinion that construes "good cause" in § 3593(b)(2)(C).

  The United States also notes that *Jones* explained that "[w]e have . . . recognized that in a capital sentencing proceeding, the Government has 'a strong interest in having the jury express the conscience of the community on the ultimate question of life or death.'" 527 U.S. at 382 (quoting *Lowenfield v. Phelps*, 484 U.S. 231, 238 (1988)).  This point is relevant to Stitt's argument that the provision for a capital sentencing by a judge in 18 U.S.C. § 3593(b)(3) obviates the need for the Savings Statute to save capital procedures in 21 U.S.C. § 848.  Not only would Stitt's theory give a defendant a veto over any capital resentencing, it would also deny the government's strong interest in having juries decide whether capital punishment should be imposed.

Respectfully,

Chuck Rosenberg
United States Attorney

By:  _____/s/_____
Richard D. Cooke
Assistant United States Attorney

cc:   Gerald T. Zerkin, Esq.
      Christopher J. Collins, Esq.