### PREPARATION AND FILING OF CJA FORM 30 IN APPEALS
### OF STATE OR FEDERAL CAPITAL CONVICTIONS

**FILING INSTRUCTIONS.** The Criminal Justice Act requires that separate CJA 30 vouchers be filed for work done in connection with the appeal and for work done in connection with any petition for writ of certiorari. Two CJA 30 Forms are enclosed, one for the appeal and one for use if a petition for writ of certiorari is filed. Both vouchers must be filed within 60 days of entry of judgment, denial of a petition for rehearing, or the grant or denial of a petition for certiorari, whichever is later. Counsel may request an additional voucher for other proceedings such as clemency applications. The voucher must be filed within 60 days of conclusion of the clemency proceedings. Vouchers must be carefully reviewed prior to submission to ensure that they do not contain errors, duplicate claims, or other improper charges. Vouchers are filed in paper form, not electronic form.

Submit your CJA 30 voucher to the attention of Patty Layne, Clerk's Office, 1100 East Main Street, Suite 501, Richmond, Virginia 23219-3517. The voucher must be accompanied by time and expense worksheets, receipts, and other documentation as set forth below. Counsel must retain a copy of the same documentation for three years for audit purposes.

Payment of attorneys appointed under the Criminal Justice Act is governed by the Court's Plan in Implementation of the Criminal Justice Act and Volume VII of the Guide to Judiciary Policies and Procedures, both of which are available at www.ca4.uscourts.gov.

Any questions regarding compensation, reimbursable expenses, or preparation of vouchers should be directed to Patty Layne in the Clerk's Office, (804) 916-2727. A line-by line explanation of CJA Form 30 and required supporting documentation follows:

**ITEMS 1-12.** The Clerk's Office has completed this information on the form; however, you should check that the information in Item 11 is correct. The compensation check is mailed from the Disbursing Office at the Administrative Office in Washington, DC to the address shown on the voucher. If the address is incorrect, the check <u>will not</u> be forwarded by the post office to another address.

**ITEM 13--Law Firm Name, Address & TIN if Earnings Belong to Firm.** Complete Item 13 ONLY if you have a pre-existing agreement with a law firm or corporation (including a professional corporation) that CJA earnings belong to the law firm or corporation, rather than to you. If you have such an agreement, you must provide the court with the law firm or corporation's Taxpayer Identification Number (TIN) and their name and address. This information will allow the earnings to be reported to the Internal Revenue Service on a 1099 statement as earnings of the law firm or corporation rather than as your earnings.

Rev. 11/25/08

**ITEM 14--Stage of Proceeding.**  Check the box that corresponds to the stage of proceedings for the services claimed in Item 15, even if you anticipate that the work will be used in connection with a later stage of proceeding.  Submit a separate voucher for each stage of the proceedings.

**ITEM 15--Claim for Services.**  On the applicable lines enter the actual time spent in hours and tenths of hours, multiply the total number of hours spent (in-court and out-of-court) by your hourly rate, and enter the total amounts claimed.  Compensation may be claimed at the rates of up to $125 per hour for work performed prior to February 1, 2005, up to $160 per hour for work performed on or after February 1, 2005, up to $163 per hour for work performed on or after January 1, 2006, up to $166 per hour for work performed on or after May 20, 2007, and up to $170 per hour for work performed on or after January 1, 2008.  Claims for compensation must be supported with an itemized statement of the time spent on the appeal.  The itemized statement must show a brief description of the services rendered broken down into 15(a) in-court hearings; 15(b) interviews and conferences with client, 15(c) witness interviews, 15(d) consultation with investigators & experts, 15(e) obtaining and reviewing the court record, 15(f) obtaining and reviewing documents and other evidence, 15(g) consulting with expert counsel, 15(h) legal research and writing, 15(i) travel, and 15(j) other (please attach description of service), and the amount of time spent in hours and tenths of hours, charged on each separate date.  Unless appointed in accordance with the Criminal Justice Act or acting with prior authorization of the Court, co-counsel or associate attorneys may not be compensated directly or indirectly under the Act.  Appointed counsel may seek prior Court authorization to use the services of attorneys  who work in association with appointed counsel, provided that the employment of such additional counsel (at a reduced hourly rate) diminishes the total cost  of representation or is required to meet time limits.  Once such authorization has been obtained, and associated counsel has entered an appearance in the case, court-appointed counsel may include  the associated attorney's time on court-appointed counsel's voucher, separately identifying the provider of each service.  Use of the worksheet that was issued to you with your order of appointment facilitates the Court's review of your request for compensation and reimbursement of expenses.  If compensation is requested for time spent in preparation of a petition for writ of certiorari, a copy of the petition must be attached to the voucher.  If compensation is requested for time spent in connection with clemency proceedings, a copy of the clemency application must be attached.

Although CJA hourly rates are up to $170 per hour for in-court and out-of-court time and compensation maximums do not apply to federal capital prosecutions or federal habeas corpus proceedings due to the complex, demanding and protracted nature of the case, you will be compensated at a rate and in an amount determined exclusively by the Court.  In order for the Court to review the amounts claimed for both reasonableness and compliance with the Court's Plan in Implementation of the Criminal Justice Act, we ask that you prepare a memorandum supporting and justifying your claim.

**ITEM 16--Travel Expenses.**  The only travel expenses subject to reimbursement are those incurred by appointed counsel.   The Court will not pay travel expenses for unappointed associate counsel. Expenses for travel (e.g., transportation, lodging, meals, car rental, parking, tolls, etc.) must be itemized on an expense worksheet, indicating the date and the expense

incurred, and the total for all travel expenses entered at Item 16. DETAILED RECEIPTS ARE REQUIRED FOR **ALL** TRAVEL EXPENSES. The CJA Guidelines prohibit the Court from reimbursing counsel for alcoholic beverages, safe deposit boxes, in-room movies, or for lodging and/or expenses for anyone other than court-appointed counsel. In order for the Court to comply with the prescribed limits, we require hotel and restaurant bills rather than credit card receipts. If you are seeking reimbursement for a plane or train ticket not purchased through Omega Travel, you must submit a copy of the ticket or receipt and your Travel Authorization and must include a statement that the ticket you purchased cost less than the government rate you could have obtained through Omega. Otherwise, reimbursement will be limited to the rate you could have obtained through Omega. If counsel purchased a plane or train ticket through Omega Travel, Omega will submit the claim to the Court and receive direct payment. Automobile travel will be reimbursed at rates of 40.5 cents per mile for travel on or after 2/4/05, 48.5 cents per mile for travel on or after 9/1/05, 44.5 cents per mile for travel after 1/1/06, 48.5 cents per mile for travel on or after 2/1/07, 50.5 cents per mile for travel on or after 3/19/08, and 58.5 cents per mile for travel on or after 8/1/08. An itemized statement containing the date of travel, destination, number of miles and rate per mile must be submitted to document this expense. Counsel traveling to a location for more than one representation must maintain their records in a manner that prevents submission of duplicate travel reimbursement claims.

**ITEM 17--Other Expenses.** All other reimbursable expenses must also be itemized on the expense worksheet, indicating the date and expense incurred, and the total for all other expenses must be entered at Item 17. FOR EXPENSES OTHER THAN THOSE RELATED TO TRAVEL, RECEIPTS ARE REQUIRED FOR ANY EXPENSE EXCEEDING $50.

> **Photocopying.** Counsel may obtain a PACER account that allows free electronic access to federal court records in CJA cases from the PACER Service Center, http://pacer.psc.uscourts.gov. Copying services performed in your office will be reimbursed as out-of-pocket expense, not to exceed $.15 per copy and must be supported with an itemized statement containing the date, number of copies and cost per page. For photocopying and other services in preparation of briefs and appendices by commercial printers, reimbursement shall not exceed $.35 per copy. Prior authorization of commercial copying services for briefs and appendices is required only if the length of the appendix exceeded the 500 pages (250 double-sided sheets) authorized by Local Rule 32(a). If a commercial printer prepared the briefs and appendix and printing costs exceeded $100, the printer may make separate application on a CJA Form 31 for direct payment for the costs incurred. If commercial printing costs of less than $100 were incurred, counsel may request reimbursement by submitting a copy of the printer's invoice with counsel's voucher. Petitions for rehearing should have been copied in-house as the Court does not reimburse commercial printers for such costs. Because Rule 14(1)(i) of the Supreme Court Rules requires only an extremely limited appendix to accompany a petition for writ of certiorari, copying costs for petitions for writs of certiorari and accompanying appendices shall not exceed $300 absent advance permission of the Court of Appeals.

**Computer Assisted Legal Research.**  Claims for reimbursement for computer assisted legal research must be supported with a copy of the bill and receipt for the use of the legal research services or an explanation of the precise basis of the charge (e.g., indicating the extent to which it was derived by proration of monthly charges or by charges identifiable to the specific research).  If the amount claimed is in excess of $500 or if it includes costs for downloading or printing, counsel should include a brief justification.

**Long Distance Telephone Calls and Facsimile Charges.**  An itemized statement containing the date and cost of each long distance call or fax charge must be attached to the voucher.  If the amount exceeds $50, a copy of the bill must also be attached.  Any other charge associated with use of counsel's phone or fax equipment is considered non-reimbursable office overhead.

**Miscellaneous Other Expenses.**  Postage, courier services, etc. must be supported by an itemized statement containing the date, brief description of the service rendered and why, as well as the cost of each individual service.  If the expense exceeds $50, a detailed receipt must also be attached.  Counsel may also claim reimbursement for the expenses of successfully defending malpractice claims arising out of representational services, not to exceed the deductible amount of counsel's professional liability insurance policy or $5,000, whichever is less.

**GRAND TOTALS.**  Enter the grand total claimed by adding  in-court compensation, out-of-court compensation, travel expenses, and other expenses.

**ITEM 18--Dates of Service.**  You must certify the dates your representation began and ended.

**ITEM 19--Appointment Termination Date.**  If your appointment was discontinued by order of the court, give the effective date for termination of appointment.

**ITEM 20--Case Disposition.**  Enter one of the following case disposition codes: A for Affirmed; R for Reversed; 0 for Remanded; RA for Reversed in Part/Affirmed in Part; AR for Affirmed in Part/Reversed in Part; 1 for Dismissed.

**ITEM 21--Claim Status.**  Indicate by checking the appropriate box whether the voucher is (1) the final payment for services, (2) an interim payment, or (3) a supplemental payment (for work done in preparation of a certiorari petition).  If an interim payment, indicate the interim payment number.  Complete the remaining portion of Item 21 and sign and date the affirmation statement.

**ITEMS 23-34a.**  These items will be completed by the Court after submission of the voucher. Every claim for compensation for services rendered and/or reimbursement for expenses incurred must be reviewed for both reasonableness and compliance with the CJA.

**RECORDS.**  Counsel must maintain contemporaneous time and expense records for all work performed and expenses incurred.  The records must be maintained by counsel for three years because the Criminal Justice Act makes vouchers subject to audit for three years after approval of payment.  Any overpayments are subject to collection, including deduction from amounts due on future vouchers.

**PUBLIC DISCLOSURE.**  CJA 30 vouchers filed by counsel are subject to public disclosure unless disclosure should be limited based upon:  (1) protection of any person's Fifth Amendment right against self-incrimination; (2) protection of the defendant's Sixth Amendment right to effective assistance of counsel; (3) the defendant's attorney-client privilege; (4) the work-product privilege of defendant's counsel; (5) the safety of any person; or (6) any other interest that justice may require.  If counsel wishes to request redaction or non-disclosure of any portion of the voucher based upon one of these interests, counsel should seek such relief by motion at the time the voucher is filed.  Absent such a motion, the voucher will be made available to the public upon request.

**SERVICES CLAIMED ON CJA FORM 31**.  Payment for services provided by a legal research firm, paralegal, legal assistant, law student, translator, or interpreter is requested on a CJA Form 31, available at www.ca4.uscourts.gov.