IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,   )
        *Plaintiff/Appellee*, )
                  )
v.                  )      Case No. 07-11(L)
                  )
RICHARD THOMAS STITT,    )
        *Defendant/Appellant.* )

## APPELLANT'S MOTION TO WITHDRAW THE MANDATE

Appellant, Richard Thomas Stitt, by and through counsel, respectfully moves this Court to withdraw the mandate to allow counsel, pursuant to Federal Rules of Appellate Procedure 41(d) and Local Rule 41, a ninety-day stay of the mandate in this case pending the filing of a petition for writ of certiorari in the United States Supreme Court, and for such further stay as may be necessary to allow the Supreme Court to act on that petition.

Counsel for Mr. Stitt intended to file the Motion to Stay the Mandate on February 4, 2009, however, a miscalculation occurred by counsel as the mandate issued today, February 4, 2009. Accordingly, counsel requests this Court withdraw the mandate to allow a timely filing of a Motion to Stay the Mandate.

For the reasons set out below, good or probable cause exists to withdraw and stay the mandate, because Mr. Stitt's petition for a writ of certiorari will raise substantial issues and issuing a stay could achieve substantial judicial economy.

REASONS FOR WITHDRAWING MANDATE

I.    The Petition for a Writ of Certiorari Will Raise Substantial Issues

A petition for a writ of certiorari will raise the issue, one of first impression, of whether the Savings Statute, 1 U.S.C. § 109, saved the repealed sections of the Death Penalty Act providing the mechanism by which a jury can be convened for the purpose of seeking the death penalty at a resentencing.  The panel's expansion of the Savings Statute was beyond any authorized application in Supreme Court case law. The panel's decision applied a repealed procedure to a sub-group of individuals – those in Stitt's position – despite Congress's clear intent to not include a similar provision in the Federal Death Penalty Act.  The controlling case law has applied the Savings Statute to substance, not procedures, and impaneling a sentencing jury is a procedure, and, as such, is not saved by the Savings Statute.

II.   There Is Good Or Probable Cause for a Stay

A petition for a writ of certiorari in this case therefore will raise the novel issue presented here involving the resentencing of Stitt under the FDPA.   Moreover,

2

questions about the application of the Savings Statute have implications far beyond the construction of the Act at issue here.

Withdrawing and then staying the mandate in this case will permit Mr. Stitt to raise this important issue and pursue his defense without the demands of district court litigation beginning again. Moreover, given the time which has passed since Mr. Stitt was first sentenced in 1999 – during which he has been incarcerated – and the importance of the issue that will be raised on petition for certiorari, it will impose no additional hardship on the government to permit Mr. Stitt to seek review in the Supreme Court before being compelled to face a capital re-sentencing.

In addition, if Mr. Stitt succeeds before the Supreme Court, he will be entitled to the entry of a sentence of life imposed by the district court, eliminating the need for a capital re-sentencing hearing before a jury .

Finally, staying the mandate in this case would substantially serve the interests of judicial economy. The costs of travel, experts, review of material, investigation, and other aspects of defending a capital case are staggering, particularly in light of the budgetary constraints under which the judiciary is now operating. Requiring Mr. Stitt's defense team, including a CJA attorney and staff in the Federal Public Defenders Office, to fully engage in district court litigation before knowing if the

Supreme Court will grant review of the case could cause large and unnecessary expenditure of judicial resources.

## CONCLUSION

Withdrawing the Mandate to allow counsel to move to stay the mandate will allow Mr. Stitt to petition the Supreme Court for a writ of certiorari and is appropriate because his petition will raise substantial issues of federal jurisdiction and statutory interpretation. Moreover, staying the mandate in this case will conserve scarce judicial resources. Mr. Stitt therefore requests this Court withdraw the mandate to allow counsel to move to stay the mandate for ninety days pending the filing of a petition for a writ of certiorari in the United States Supreme Court and for such further stay as may be necessary to allow the Supreme Court to act on the petition.

Respectfully submitted this 4th day of February, 2009.

MICHAEL S. NACHMANOFF
Federal Public Defender
for the Eastern District of Virginia


_____s/_____
Amy L. Austin
Va. Bar No. 46579
Amy_Austin@fd.org
Gerald T. Zerkin
Va. Bar No. 16270
Gerald_Zerkin@fd.org
Assistant Federal Public Defenders
Office of the Federal Public Defender
701 East Broad Street, Suite 3600
Richmond, VA 23219
(804) 343-0800
(804) 648-5033 (fax)

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2009, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Darryl J. Mitchell/William D. Muhr
Assistant United States Attorneys
World Trade Center
101 W. Main Street, Suite 8000
Norfolk, Virginia 23510
(757) 441-6331

Richard D. Cooke/David J. Novak
Assistant U.S. Attorneys
Office of the U.S. Attorney
1600 E. Main St., Suite 1800
Richmond, VA 23219

s/
Amy L. Austin
Assistant Federal Public Defender